FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA K., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:23-CV-00357-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION IN PART AND REMANDING THE CLAIM FOR FURTHER PROCEEDINGS |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response.  ECF No. 11, 15.  Attorney Maria A. Bam represents Patricia K. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 3.  Plaintiff seeks remand for immediate benefits, or in the alternative remand for further proceedings, and Defendant seeks remand for further proceedings.  ECF No. 11, 15, 17.  After reviewing the administrative record and the briefs filed by the parties, **Plaintiff**'s Motion requesting remand is **GRANTED in part and denied in part**, and Defendant's Motion is **GRANTED in part,** such that the case is **REMANDED FOR FURTHER PROCEEDINGS.**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER. . . - 1

## I.     JURISDICTION

Plaintiff protectively filed an application for Disability Insurance Benefits on April 5, 2021, alleging disability since July 24, 2017.  Tr. 18, 102, 232-34.  The application was denied initially and upon reconsideration.  Tr. 121-26, 137-40.  Administrative Law Judge (ALJ) Glenn G. Meyers held a hearing on March 21, 2023, Tr. 40-72, and issued an unfavorable decision on April 19, 2023.  Tr. 15-35.  Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on October 12, 2023.  Tr. 1-6.  The ALJ's April 19, 2023 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on December 8, 2023.  ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here.  Plaintiff was born in June 1971 and was 50 years old on her date last insured years old.  Tr. 28.  She has a least a high school education and previous work in IT support.  *See* Tr. 28, 65-66.

## III.     STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v).

## V. ADMINISTRATIVE DECISION

On April 19, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-35.

At *step one*, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2021, had not engaged in substantial gainful activity during the period from her alleged onset date of July 24, 2017, through her date last insured of December 31, 2021. Tr. 20.

At *step two*, the ALJ determined Plaintiff had the following severe impairments through her date last insured: right knee osteoarthritis (OA); cervical degenerative disc disease (DDD); depressive disorder; anxiety disorder; post-traumatic stress disorder (PTSD); and somatic symptoms disorder. Tr. 20.

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments through the date last insured. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) through the date last insured, and found Plaintiff could perform light work with the following limitations:

> [Plaintiff could] stand and/or walk four hours of an eight hour day; sit up to six hours of an eight hour day; lift and/or carry ten pounds occasionally and frequently; occasional overhead reaching; frequent reaching at or below shoulder level; frequent handling and fingering; able to understand, remember, and carry out simple instructions and tasks; able to use judgement to make simple work-related decisions; no contact with the public; capable of working in proximity to but not in coordination with co-workers; occasional contact with supervisors; occasional stooping; no crouching, crawling, kneeling, or climbing ramps, stairs, ropes, ladders, scaffolds; no work at heights or in proximity to hazardous conditions.

Tr. 22-23.

ORDER. . . - 4

At *step four*, the ALJ found Plaintiff was unable to perform past relevant work through the date last insured. Tr. 28.

At *step five*, the ALJ found that through the date last insured, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of small products I assembler; small products II assembler; sub assembler; production solderer; and ironer. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the alleged onset date of July 24, 2017, through the date last insured of December 31, 2021. Tr. 29-30.

### VI.    ISSUES

Plaintiff sought judicial review of the Commissioner's final decision denying her disability benefits under Title II of the Social Security Act. Plaintiff raised the following issues for review: (1) whether the ALJ conducted a proper step-five analysis; and (2) whether the ALJ properly evaluated the medical opinion evidence. ECF No. 11 at 2-3.

Defendant concedes the ALJ erred but argues the claim should be remanded for further proceedings versus a remand for payment of immediate benefits because significant factual conflicts exist in the medical record and therefore further consideration of the medical opinion evidence and step five findings by the ALJ is necessary; and because the record as a whole creates serious questions about whether Plaintiff is disabled. ECF No. 15 at 1-2, 5-8. Plaintiff maintains a remand for award of benefits is proper, but in the alternative requests remand for further proceedings. ECF No. 11 at 17; ECF No. 17.

## VII. DISCUSSION

### A. Medical Opinions.

In her opening brief, Plaintiff contends the ALJ failed to properly consider the medical opinion of Mark Hawley, Ph.D. ECF No. 11 at 12.

For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ does not give any specific evidentiary weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2). The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id*. Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

ORDER. . . - 6

medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

1. **Dr. Hawley.**

On February 10, 2022, Dr. Hawley performed a psychological consultative evaluation and rendered an opinion on Plaintiff's level of functioning. Tr. 902-06. Dr. Hawley diagnosed Plaintiff with somatic symptom disorder with predominant pain, generalized anxiety disorder, persistent depressive disorder, PTSD, and unspecified personality disorder with histrionic features. Tr. 905. Dr. Hawley opined Plaintiff's the ability to understand, remember and persist in tasks following short and simple instructions was unimpaired, but her ability to understand, remember and persist in tasks following detailed instructions was

moderately impaired. Tr. 906. Dr. Hawley opined Plaintiff's attention and concentration were unimpaired but her "memory[was] markedly impaired based on the brief tasks of this assessment." *Id*. Dr. Hawley opined Plaintiff's ability to follow schedules and maintain regular work attendance was unimpaired, her ability to adapt to changes in a routine work setting was mildly impaired, her ability to interact socially and effectively with the public was markedly impaired, and her ability interact with coworkers was mildly impaired. *Id*. Dr. Hawley opined Plaintiff's ability to perform and persist in routine tasks without supervision was unimpaired, her ability to reason and adapt to routine work stressors was moderately impaired, and her "overall ability to complete a typical workday or work week without interference by mental health symptoms [was] moderately impaired." *Id*. Dr. Hawley opined that from a psychological perspective, Plaintiff "may not be capable of competitive full-time employment in situations involving extensive social interactions or moderate to high stress and performance expectations." *Id*. He opined Plaintiff may benefit from mental health treatment focused on adjusting to pain and medical conditions, and that if "mental health disability is determined, reassessment in three to five years is recommended." *Id*.

The ALJ found Dr. Hawley's opinion persuasive "in that Dr. Hawley['s] opinion concludes that [Plaintiff's] mental functional capacity is not as limiting as alleged by [Plaintiff]. Tr. 27. The ALJ also found "the mental functional capacity as determined by Dr. Hawley is consistent with the residual functional capacity." *Id*.

The parties agree that the ALJ erred as he found Dr. Hawley's opinion persuasive but failed to include all of Dr. Hawley's limitations in the RFC or to provide rationale for formulating Plaintiff's RFC without these restriction(s); the parties do not agree on the remedy. ECF No. 11 at 2; ECF No. 15 at 2.

ORDER. . . - 8

The Court finds the ALJ erred as he failed to assess the opinion using the factors of consistency and supportability as required by the regulations; and because the ALJ found Dr. Hawley's opinion persuasive but failed to include all of Dr. Hawley's limitations in the RFC or to provide adequate/any rationale for formulating Plaintiff's RFC without these restriction(s).  Supportability and consistency are the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. §§ 404.1520c(b)(2).  The more relevant objective evidence and supporting explanations that support a medical opinion, and the more consistent an opinion is with the evidence from other sources, the more persuasive the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1)-(2).  The ALJ is also required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).  "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).  Here, the ALJ failed to assess the opinion using the factors as required by the regulations and failed to provide any rationale for formulating Plaintiff's RFC without a restriction related to Plaintiff's marked limitation in memory and other moderate limitations.

Accordingly, the Court finds the ALJ erred in failing to properly assess the medical opinion evidence.  Proper assessment of the medical opinion evidence may affect the RFC and step five analysis, as well, and any outstanding issues, including conflicting medical opinions, must be resolved by the ALJ before a disability determination can be made.  Accordingly, the case is remanded for further proceedings.

ORDER. . . - 9

Upon remand the ALJ will reassess the medical evidence of record, including all medical opinion evidence, with the assistance of medical expert testimony. The ALJ will set forth an analysis of the consistency and supportability of all medical opinions, as required by the regulations. The ALJ is to incorporate the limitations in the opinions into the RFC or give reasons supported by substantial evidence to reject the opinions.

**B.** **Step-Five.**

Plaintiff contends the ALJ's step five findings were not supported by substantial evidence. ECF No. 11 at 6. At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ's RFC need only include those limitations found credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record."). "If an ALJ's hypothetical does not reflect all of the claimant's

limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id*. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Therefore, the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). A claimant fails to establish that a step five determination is flawed by simply restating an argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

      Here, as discussed *supra*, the parties agree that the ALJ erred in failing to include all of Dr. Hawley's limitations in Plaintiff's RFC; and the Court has determined the ALJ must reconsider the medical opinion evidence using the factors as required by the regulations. Accordingly, the ALJ's failure to adequately assess the medical opinions evidence led to an incomplete hypothetical at step five. As the claim is remanded for reconsideration of Dr. Hawley's medical opinion using the factors required by the regulations, and to address conflicting medical opinions and any other outstanding issues, the Court declines to further address the step five issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

      Upon remand, the ALJ is instructed to reperform the sequential analysis, including reconsidering the step-five analysis with the assistance of vocational expert testimony.

ORDER. . . - 11

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful legal error.  The Court finds that further proceedings are necessary to resolve conflicts in the record, including conflicting medical opinions.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler*, 775 F.3d at 1099.  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Plaintiff urges remand for immediate benefits based on errors in assessing the medical opinion evidence and at step five or, in the alternative, a remand for further proceedings. ECF No. 11 at 10-11. Defendant concedes error but requests remand for further proceedings. ECF No. 15. The Court finds that further administrative proceedings are required to properly address the opinion of Dr. Hawley, as well as any conflicting medical opinion evidence. As proper analysis of the medical opinions under the factors required by the regulations may affect other steps in the sequential analysis, including the step five analysis, additional vocational testimony is also needed and the ALJ is instructed to reperform the sequential analysis.

Accordingly, the Court finds there are outstanding issues that must be resolved before a disability determination can be made and the case is remanded for additional proceedings. On remand, the ALJ will reevaluate the medical evidence of record with the assistance of medical expert testimony and reassess all medical opinion evidence using the factors required by the regulations. The ALJ is instructed to perform the sequential analysis anew, making new findings on each of the five steps of the sequential evaluation process, including the step five analysis with the assistance of vocational expert testimony, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion to remand, **ECF No. 11**, is **GRANTED, in part**.

2. Defendant's Motion to remand for further proceedings, **ECF No. 15**, is **GRANTED, in part**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER. . . - 14